IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv237-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

Plaintiff Jerry Evans applied for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 *et seq* and for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* (hereinafter "the Act"). Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #12); Def.'s Consent to Jurisdiction (Doc. #11).  Based on the Court's review of the record and the briefs of the parties, the Court REVERSES AND REMANDS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]    A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

---

[3]     *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]     *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

At the time of the hearing Plaintiff was approximately fifty-one years old and had graduated from high school and attended college for two years (Tr. 68).  Plaintiff's primary past relevant work experience included work as a food service worker, commercial bakery foreman trainee, housekeeping worker, and laborer (Tr. 64).   Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Step 1).  (Tr. 14).  At Step 2, the ALJ found that Plaintiff suffers from the severe impairments of deep vein thrombosis and degenerative disc disease of the lumbar spine.  *Id*.  The ALJ nonetheless found Plaintiff "does not possess an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 15).  Next, the ALJ found that Plaintiff retains the RFC to perform the full range of light work (Step 3).  (Tr. 15).  At Step 4, the ALJ found that Plaintiff could perform his past relevant work.  (Tr. 17).  Consequently, the ALJ found Plaintiff had not been disabled since the alleged onset date.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff sets forth three claims in challenging the Commissioner's decision:  (1) whether the ALJ erred by failing to give substantial weight to the opinions of his treating physicians; (2) whether the ALJ failed to properly evaluate the credibility of Plaintiff's complaints of pain; and (3) whether the ALJ erred by failing to elicit vocational expert

testimony.  Because the Court finds remand necessary as to the first issue, the Court need not address Plaintiff's other claims.

## V.    DISCUSSION

### *The ALJ failed to properly articulate good cause for according less weight to Plaintiff's treating physicians.*

Plaintiff argues that the ALJ erred by failing to give substantial weight to the opinions of treating physicians Drs. Pande and Tayara.  *See* (Doc. #13 at 4-7).  Drs. Pande and Tayara opined that Plaintiff was incapable of working and was disabled.  The ALJ discounted these opinions because they were "conclusory [and] provid[ed] very little explanation of the evidence relied on in forming [those] opinions."  (Tr. 17).

The opinion of a treating physicians must be afforded substantial and considerable weight by the ALJ unless "good cause" is shown to the contrary.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004).  "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

In this instance, the ALJ's determination that the treating physicians were entitled to

low weight because their opinions were conclusory was, itself, conclusory. As stated above, the ALJ gave the treating physicians' opinions "very little weight" because they were "conclusory [and] provid[ed] very little explanation of the evidence relied on in forming [those] opinions." (Tr. 17). That is the entirety of the ALJ's articulation. Where the ALJ discounts a treating physician's opinion as being conclusory, the Court would expect the ALJ to articulate why that opinion is conclusory. Especially here, where there are two reports by separate treating physicians, as well as several years of treatment records by those same physicians. Here, the ALJ's articulation was that the opinions only provided "very little explanation of the evidence relied" upon in their formulation. (Tr. 17). However in his opinion/report, Dr. Pande clearly states that he has been treating Plaintiff for several years and that Plaintiff has a history of other illnesses, and was being treated by Dr. Tayara. (T. 183). Both physicians treatment notes are in the record, and the ALJ's articulation leaves this Court to speculate whether the ALJ disbelieved the treatment notes or found the reports to be inconsistent with the physician's own treatment notes.[5]

The ALJ is under an obligation to "clearly articulate the reasons for giving less weight to the opinion of a treating physician." *Lewis*, 125 F.3d 1436. While in this case the ALJ stated his reasons for giving less weight, "he must clearly articulate his **reasoning**, and the

---

[5] In other words, if the physician's treatment notes were consistent with the opinions in the reports, the ALJ could hardly have good cause to assign lower weight to the physicians' opinions simply because their reports were short and to the point. Without any explanation or mention of the physicians' records, it appears the ALJ may have "substitute[d] his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir.1992) (Johnson, J., concurring).

failure to do so is reversible error." *Pritchett v. Comm'r, Soc. Sec. Admin.*, 2009 WL 449177 (11th Cir. Feb. 24, 2009) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986)) (emphasis added).  Thus, this case is due to be remanded, so the ALJ can clearly articulate his reasons for finding the opinions of the treating physicians to be conclusory, or, otherwise reconsider his decision to afford the treating physicians' opinions little weight.

## IV.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion.  A separate order will issue.

DONE this 2nd day of June, 2009.

/s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE